United States District Court
Northern District of California

United States District Court
Northern District of California

| | |
|---|---|
| MARSHALL LOSKOT and YVONNE WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>EL CERRITO GALLERIA; CAROLYN GAN, Trustee of THE TRUST OF PAUL GAN and CAROLYN GAN, dated 12/16/91; DEANNA MICHELLE GAN; KRISTIN A. GAN; TERESA GAN HAVTON; SANDRA COLLEEN GAN; INDER P. PAHWA; and SATINDER K. PAHWA,<br><br>Defendants. | Case No.: CV 12-05549-KAW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION ON DEFENDANTS CAROLYN GAN, Trustee of THE TRUST OF PAUL GAN and CAROLYN GAN; DEANNA MICHELLE GAN; KRISTIN A. GAN; TERESA GAN HAVTON; AND SANDRA COLLEEN GAN<br><br>(Dkt. No. 13) |

On October 28, 2013 Plaintiffs Marshall Loskot and Yvonne Williams filed a motion to serve the summons and complaint on Defendants Carolyn Gan, Trustee of THE TRUST OF PAUL GAN and CAROLYN GAN, dated 12/16/91; Deanna Michelle Gan; Kristin A. Gan; Teresa Gan Havton; and Sandra Colleen Gan by publication.

Upon review of the moving papers, the Court finds this matter suitable for resolution without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and hereby DENIES Plaintiffs' Motion for Service by Publication.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served

cannot with reasonable diligence be served in another manner specified in this article and that

...

(1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). The question for the Court, therefore, is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of § 415.50(a), a court must examine the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' ... denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford,* 10 Cal.4th 743, 749 n. 5 (1995). Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel,* 87 Cal. App. 3d at 332. The chosen method must be "reasonably certain to inform those affected ... or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts,* 10 Cal.4th at 749 (internal citations omitted). That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Donel,* 87 Cal. App. 3d at 333.

## II. DISCUSSION

Plaintiffs seek permission to serve Defendants by publication rather than by other means such as personal service. Plaintiff has submitted an "Affidavit of Reasonable Diligence" from Faheem Moore ("Moore"), the server in charge of service to Defendant, explaining his efforts to serve the summons on Defendant. (Dkt. No. 18, Ex. B.) Plaintiff has also provided a declaration

from George S. Khoury, one of Plaintiffs' attorneys, that describes the efforts taken to effectuate service on Defendants. (Decl. of George S. Khoury ("Khoury Decl."), Dkt. No. 13-1.)

Khoury's declaration states that his firm hired D & T Legal Services, a registered process serving company on or about November 12, 2012 to serve summons on defendants Carolyn Gan, Deanna Michelle Gan, Kristen A. Gan, Teresa Gan Havton, Sandra Colleen Gan, Inder P. Pahwa, and Satinder K. Pahwa. (Khoury Decl. ¶ 2.) D & T Legal Services was only able to serve Inder P. Pahwa and Satinder K. Pahwa. (*Id.* at ¶ 3.)

According to the Affidavits of Reasonable Diligence, D & T Legal Services attempted service on the remaining defendants on several dates in November and December 2012, but were unsuccessful. (*Id.* at ¶ 4, Ex. A.) These addresses included 827 Hillside Avenue, Albany, California, and 2206 Ocaso Camino, Fremont, California. (Mot. at 3-6; Khoury Decl., Ex. A;.)

Plaintiffs "utilized a number of paid online people search tools to attempt to locate the defendants in this matter... [but] [t]he information [ ] received using these methods repeatedly provided the same information already in our possession." (Khoury Decl. ¶ 7.) These methods used to confirm each individual current address included "public record searches such as TLOxp, Link to America, and California Ultimate Weapon." (Mot. at 3-6.) In addition, Plaintiffs' attempted to contact the defendants by telephone, but were similarly unsuccessful. (Khoury Decl. ¶ 7.)

D & T Legal Services employee or contractor John M. Butler attempted to serve Defendants Carolyn Gan, Kristin A. Gan, Teresa Gan Havton, and Sandra Colleen Gan at the Hillside Avenue address in Albany, California. He reported that there was no answer on November 18, 2012. (Khoury Decl., Ex. A at 6.) On subsequent attempts, made on November 21 and 25, 2012, there was no answer but the lights were on. (*Id.*) On November 26, 2012, Butler reported that there was a female behind the door that stated that none of the defendants lived there, but she refused to give her name or open the door. (*Id.* at 7.) On December 12, 2012, Butler reported that "PER CLIENT, THIS IS A GOOD ADDRESS AND SUBJECTS ARE EVADING. MAKE ONE MORE ATTEMPT AT A GOOD TIME AND REPORT STATUS." (*Id.*) "Returned Not Served" is listed for December 27, 2012. (*Id.*)

3

D & T employee or contractor Faheem Moore attempted to serve Deanna Michelle Gan at the Ocaso Camino address in Fremont, California. He reported that on November 15, 2012, there was no answer and no activity. (Khoury Decl., Ex. A at 8.) On November 17, 2012, Moore reported the attempted service, but was informed by a female that he had a bad address and that "she does not know the defendant and has not received mail for the defendant." (*Id.*) Additionally, there was no answer at the neighbors. (*Id.*) On November 27, 2012, Moore reports that he made an attempt and that the result was "CANCEL AND RETURN TO CLIENT." (*Id.*) "Returned Not Served" is listed for November 27, 2012. (*Id.*)

Plaintiffs' showing is insufficient to support service by publication. Although Plaintiffs have demonstrated that they have taken several reasonable steps to effect service on the defendants, Plaintiffs have failed to show that they "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel,* 87 Cal.App.3d at 333, 150 Cal.Rptr. 855. Plaintiffs have failed to confirm that Defendants reside at the addresses where service was attempted and do not appear to have searched any telephone directories for Defendants' names. *See Watts,* 10 Cal. 4th at 749 n. 5 (noting that "likely sources of information... must be searched before resorting to service by publication" include telephone directories). In addition to use of paid, online people searches, Plaintiffs may wish to utilize free online services, such as *www.whitepages.com*. A search of this online telephone directly lists a Los Angeles, California address that is associated with three of the defendants. Accordingly, since service by publication is only to be utilized as a last resort, at this juncture, Plaintiffs' motion must be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Service by Publication is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATE: December 12, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

4