1
2
3
4
5
6
7

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8 MARSHALL LOSKOT and YVONNE<br>9 WILLIAMS,<br>10        Plaintiffs,<br>11    v.<br>12 EL CERRITO GALLERIA; CAROLYN<br>GAN, Trustee of THE TRUST OF PAUL<br>13 GAN and CAROLYN GAN, dated 12/16/91;<br>DEANNA MICHELLE GAN; KRISTIN A.<br>14 GAN; TERESA GAN HAVTON; SANDRA<br>COLLEEN GAN; INDER P. PAHWA; and<br>15 SATINDER K. PAHWA,<br>16        Defendants. | Case No.: CV 12-05549 KAW<br><br>ORDER GRANTING DEFENSE<br>COUNSEL'S AMENDED MOTION TO<br>WITHDRAW AS COUNSEL OF RECORD<br><br>(Dkt. No. 19) |

18        Presently, Defendants Inder P. Pahwa and Satinder K. Pahwa are represented by attorney

19 Leonard H. Watkins of Genser & Watkins LLP.  On January 13, 2014, counsel moved to withdraw.

20 (Dkt. No. 19.)  Counsel states that, for over six months, his clients have been uncooperative in the

21 defense of this action, have failed to communicate with counsel, and have failed to perform their

22 obligations under the attorney client retention agreement.  (Decl. of Leonard H. Watkins, "Watkins

23 Decl.," Dkt. No. 20 ¶ 3.)  Counsel served copies of his motion on Defendants via U.S. Mail. (Proof

24 of Service, Dkt. No. 19 at 4.)

25        Defendants did not file an opposition to counsel's motion to withdraw.  Plaintiffs, however,

26 filed a declaration in opposition Mr. Watkins' motion. (Decl. of Thomas E. Frankovich in Opp'n to

27 Mot. to be Relieved as Counsel, "Frankovich Decl.," Dkt. No. 21.)  Mr. Frankovich, however, did

28 not appear at the hearing.

United States District Court
Northern District of California

1        The Court held a hearing on the motion on February 20, 2014.  Leonard H. Watkins appeared

2    at the hearing, as did Defendant Satinder Pahwa, who consented to Mr. Watkins' withdrawal.

3        Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved

4    by order of Court after written notice has been given reasonably in advance to the client and to all

5    other parties who have appeared in the case."  The local rules further provide that if the client does

6    not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be

7    granted on the condition that all papers from the court and from the opposing party shall continue to

8    be served on that party's current counsel for forwarding purposes until the client appears by other

9    counsel or pro se if the client is not a corporate defendant.  Civil L.R. 11-5(b).

10        Withdrawal is governed by the California Rules of Professional Conduct.  *See Nehad v.*

11    *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to

12    attorney withdrawal).  Under California Rule of Professional Conduct 3-700(C), an attorney may

13    request permission to withdraw if the client breaches an agreement or obligation to its counsel as to

14    expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably difficult for

15    the member to carry out the employment effectively," such as a client's failure to communicate with

16    its attorney.  Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

17        The Court has discretion regarding whether to grant a motion to withdraw; an attorney's

18    request to withdraw should be denied "where such withdrawal would work an injustice or cause

19    undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964,

20    at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel provided

21    sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

22        Plaintiffs oppose the motion to withdraw on the grounds that Defendants Inder P. Pahwa and

23    Satinder K. Pahwa "have not provided sufficient information for plaintiffs to make service."

24    (Frankovich Decl. at 2:6-12.)  Plaintiffs contend that Defendants and Mr. Watkins have not been

25    forthcoming and have failed to serve their Rule 26 initial disclosures, which Plaintiffs believe should

26    include the address of the property management company, namely the unserved defendants.  *Id.* at

27    2:18-23.  First, this does not create an injustice or an undue delay relative to the motion to withdraw

28    as filed by Mr. Watkins.  Second, Plaintiffs appear to try to convert the opposition into a motion to

United States District Court
Northern District of California

1    compel Rule 26 disclosures, whereby they are attempting to obtain the addresses of the unserved

2    defendants. *Id.* at 2:1-4.  This is improper because Defendants would still be required to furnish this

3    initial disclosures even if Mr. Watkins were to be relieved as counsel.

4         Mr. Watkins' reply to Plaintiffs' opposition contends that Plaintiffs lack any legal basis for

5    their opposition, and, instead, provides that their "alleged discovery difficulties" are "consistent with

6    the basis for this Motion".  (Reply, Dkt. No. 22 at 2.)  The Court agrees.

7         Despite Plaintiffs' opposition, the Court finds that good cause exists to grant counsel's

8    motion to withdraw.  Counsel has attested that Defendants "have been uncooperative in the defense

9    of this action, have failed to communicate with counsel, and have failed to perform their obligations

10   under the attorney client retention agreement." (Watkins Decl. ¶ 3.)  These are independently valid

11   grounds for withdrawal.  Although Defendants have been served with counsel's motion to withdraw,

12   they did not object to the motion, and Satinder Pahwa appeared at the hearing and consented to the

13   withdrawal.  Further, there has been no showing that withdrawal would work an injustice or cause

14   undue delay. In fact, as Mr. Watkins stated, at the time of filing, Plaintiffs had not yet served the

15   principal defendants, who are the owners of the El Cerrito Galleria.  While Mr. Watkins' withdrawal

16   may make discovery more challenging for Plaintiffs, that alone is not a sufficient reason to deny the

17   motion.  In fact, Defendants may obtain other counsel with whom they are more communicative,

18   which could benefit Plaintiffs.

19        Accordingly, defense counsel's motion to withdraw is granted.  Because Defendant Inder P.

20   Pahwa has not consented to the withdrawal and no substitution of counsel has been filed, all papers

21   from the court and from other parties shall continue to be served on defense counsel for forwarding

22   purposes until a substitution of counsel is filed.  *See* Civil L.R. 11-5(b).  Defendant Satinder Pahwa,

23   who consented to the withdrawal, has 21 days from the date of this order to enter an appearance in

24   this action either as a pro se litigant or file a substitution of counsel.

25        IT IS SO ORDERED.

26   DATE: February 24, 2014

     _Kandis Westmore_

     KANDIS A. WESTMORE
     UNITED STATES MAGISTRATE JUDGE

27

28